**CONTINUATION OF APPLICATION FOR A SEARCH WARRANT**

1.  I, Justin R. Hall, am a Special Agent of the Federal Bureau of Investigation and have been so employed since April 2021. I am currently assigned to the Detroit Division, Traverse City Resident Agency, where my duties include investigation of sexual assaults occurring within the territorial jurisdiction of the United States and crimes against children. Prior to becoming an FBI Special Agent, I was employed as a Police Officer for the Jacksonville Police Department in North Carolina for over 6 years.

**INTRODUCTION AND PURPOSE OF THE WARRANT**

2.  I make this continuation in support of an application for a search warrant to conduct a DNA buccal swab and penile swab from the person of Christopher Lee Manning, of Thompsonville, Michigan, born 10/xx/1987, for evidence of criminal activity including aggravated sexual abuse with children, a violation of 18 U.S.C. § 2241(c), and sexual contact with a child under the age of 12, a violation of 18 U.S.C. § 2244(a)(5).

3.  As set forth herein, probable cause exists to believe that evidence of such crimes is likely to be found in the comparison of DNA on a buccal swab collected from the person of Christopher Lee Manning and/or the DNA on the penile swab collected from the person of Christopher Lee Manning to the DNA collected from a 9-year-old female victim (Victim 1).[1]

4.  I am familiar with the information contained in this continuation based upon the investigation I have conducted, and based on information provided to me by other law enforcement officers who worked on this investigation. The facts in this continuation come from my personal knowledge, training, and experience, and information obtained from other agents and witnesses. Since this continuation is being submitted for the limited purpose of securing a

---

[1] I am aware of the minor victim's full name. However, to protect the victim's privacy I have identified her throughout the continuation as Victim 1.

search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. § 2241(c), & § 2244(a)(5) will be located in the comparison of the DNA buccal swab and/or DNA penile swab of Christopher Lee Manning to the DNA collected from Victim 1.

## FACTS SUPPORTING PROBABLE CAUSE

1. On the afternoon of July 15, 2022, tribal police from the Little River Band of Ottawa Indians were contacted by Victim 1's mother, S.L., about the criminal sexual assault of her 9-year-old daughter (Victim 1) that had just occurred at the tribal housing complex located in Manistee, Michigan.  Victim 1 is a descendant of an enrolled member of the Little River Band of Ottawa Indians.  Police were also advised by S.L. that the suspect of the assault drives a gold Chevrolet Avalanche.

2. Tribal police arrived at the tribal housing complex and observed a gold Chevrolet Avalanche pulling out of the parking lot.  Officers turned on their overhead lights and sirens and attempted to conduct a traffic stop on the car.  Instead of pulling over, the Avalanche accelerated and attempted to flee the area at a high rate of speed.  After a short chase, the driver of the Avalanche lost control of the car and it drove off the road and landed in a ravine.  The driver of the car, later identified as Christopher Lee Manning, exited the vehicle, and continued to flee on foot.  Officers were able to apprehend him after a short foot chase.  Manning was subsequently transported to a local hospital.  He has since been released from the hospital and is currently detained that the Little River Band's tribal police department headquarters.

3. S.L. reported to police and FBI that she encountered Victim 1 inside her bedroom around 12:40p.m. that same day, July 15, 2022.  When S.L. opened the door to her daughter's

bedroom she saw Victim 1 jump off of her bed, crouch down and attempt to pull her pants up. S.L. then observed Christopher Lee Manning seated in a chair next to Victim 1's bed, trying to pull his pants back up.  S.L. immediately separated Victim 1 from Manning.  As S.L. removed Victim 1 from the bedroom, Victim 1 told her mother that "he made me do it, he was putting his thing on my 'no no'."  S.L. reported to law enforcement that she understood "no no" to mean Victim 1's vaginal area.  S.L. exited the house with Victim 1 and called 911 to report the assault.

4. Victim 1 was transported to Munson hospital for a sexual assault examination in the late afternoon of July 15, 2022.  Victim 1's exam was conducted by the on-duty pediatrician. During the exam, Victim 1 disclosed to the doctor-examiner that during the assault that she suffered earlier that same day Manning had kissed her on her abdomen.  Victim 1 reported that she was then forced to perform oral sex on Manning.  Victim 1 also disclosed that Manning then tried to insert his penis into Victim 1's vagina, but he was not able to penetrate her vagina with his penis.

5. S.L. told police that Manning was a family friend.  He had been kicked out of current residence and was staying with S.L. at her tribal housing apartment, where the assault of Victim 1 occurred. S.L. stated that Manning was at her residence yesterday but did not spend the night last night. Victim 1 has spent the night at Manning's previous residences in the past, one to three times per month.

6. Christopher Lee Manning is an enrolled member of the Little River Band of Ottawa Indians Tribe, a federally-recognized tribe.  The sexual assault of Victim 1 occurred on property in Manistee, Michigan held in trust by the United States for the use and benefit of the Little River Band of Ottawa Indians, a federal recognized tribe.  18 U.S.C. § 1153 provides for

federal jurisdiction when an offender is an Indian, the victim is a non-Indian, and the offense occurred in Indian Country.

      7.      The United States Attorney's Office has informed me that the Fifth Amendment privilege against self-incrimination does not preclude the use of one's body as evidence and directed me to *Schmerber v. California*, 384 U.S. 757, 765 (1985); *Wilson v. Collins*, 517 F.3d 421, 431 (6th Cir. 2008); and *McVeigh v. Smith*, 872 F.2d 725, 727-28 (6th Cir. 1989).  The method of collecting the DNA by buccal swab and penile swab is painless, safe, minimally invasive, and a common way to collect DNA.  I am also aware from my training and experience that collecting DNA swabs, oral and penile, from a person is a common practice to obtain a DNA sample for that person in sexual assault investigations.

## CONCLUSION

      1.      I respectfully submit that there is probable cause to believe that a DNA buccal swab of the person of Christopher Lee Manning will produce evidence of a crimes in violation of 18 U.S.C. § 2241(c), & § 2244(a)(5).

      2.      Wherefore, by this continuation and application, I respectfully request that the Court issue a search warrant that would allow agents to search for and seize DNA evidence from Manning's person.